[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM UPON MOTION REQUESTING FACTS UPON WHICH JUDGMENT FOUND Dated JANUARY 7, 2002
Joseph R. age 12, is a child with serious mental and emotional CT Page 760 problems. Because of this his mother sought and received voluntary services from the Department of Children and Families (DCF) and continues to receive these services to this day. Joseph was placed at Connecticut Children's Place (CCP) where he exhibited serious anti-social behaviors compromising his own safety and that of staff. On September 17, 2001, he was transported to the Connecticut Children's Medical Center for evaluation and shortly thereafter was placed in the Institute of Living in Hartford. During this time Joseph's mother, the petitioner, sought injunctive relief from this Court, although no child protection petition was pending, that relief set forth in a complaint dated October 18, 2001, and a temporary injunction dated October 19, 2001. The temporary injunction sought four areas of relief, three of which became moot before this Court heard any argument at all: 1. Joseph was returned to CCP. 2. Joseph was receiving appropriate treatment and protection while DCF sought a placement appropriate to his extraordinary needs. 3. His personal possessions were safeguarded by the staff of CCP. The final request, seeking the Court to order that CCP adopt a policy that would permit staff to call the police for help only if Joseph was in danger, was not considered by this Court since the request, if the court had jurisdiction and authority to grant such a request, would trample upon the individual rights of each staff worker assigned to work with this difficult case.
The petitioner, in her verified complaint, alleges that this Court has jurisdiction over this matter as a result of CGS Sec. 46(b)-121, (b) and Sec. 17a-3. This Court disagrees. This Court has jurisdiction only in "juvenile matters". Section 46b-121 defines, in pertinent part, a "juvenile matter" to "include all proceedings concerning uncared-for, neglected or dependent children and youths within this state, termination of parental rights of children committed to a state agency, matters concerning families with service needs", and several other items not relevant to the issue at hand. No petition has been filed by DCF or any other agency or guardian ad litem relating to Joseph. He receives services from DCF because his mother has wisely chosen to avail herself and her son of the voluntary program available to her. Because one is the recipient of voluntary services does not mean that this Court somehow acquires jurisdiction over that person or her son. Voluntary services are not included in the statutory definition of "juvenile matters." The jurisdiction of this Court is derived from the statutory provisions enabling it to proceed, and without such an enabling statute the Court has no subject matter jurisdiction and therefore no right to proceed in any way with the matter. That issue having been determined by the Court, the temporary injunction was dissolved and the verified complaint dismissed. The Court lacked jurisdiction to proceed to the other issues raised by the petition.
 ___________________ MACK, J.
CT Page 761